UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FLORENCE CARTER-MCCRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: |
| | ) |
| SVC MANUFACTURING, INC. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.     NATURE OF COMPLAINT**

1.     Plaintiff, Florence Carter-McCray, (hereinafter "Carter-McCray"), by counsel, brings this action against SVC Manufacturing, Inc. (hereinafter "Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*, Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et. seq.*, and the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*

**II.     PARTIES**

2.     Carter-McCray is a resident of Hendricks County in the State of Indiana, who at all relevant times resided within the geographic boundaries of the Southern District of Indiana.

3.     Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4.  Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; 42 U.S.C. § 2000e-5(f)(3); and 29 U.S.C. §2617(a)(2).

5.  Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A), 42 U.S.C. §2000e(b), and 29 U.S.C. §2611(4).

6.  Carter-McCray, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. §12111(4) and 42 U.S.C. §2000e(f).

7.  At all times relevant to this action, Carter-McCray was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8.  Carter-McCray has a "disability" as that term is defined by 42 U.S.C. §12102(2).

9.  Carter-McCray is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8) and/or Defendant knew of Carter-McCray's disability and/or regarded Carter-McCray as being disabled and/or Carter-McCray has a record of being disabled.

10. Carter-McCray satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against, EEOC Charge No. 470-2015-01135 and 470-2016-00612.  Carter-McCray received the required Notice of Right to Sue and brings this original action within ninety (90) days of her receipt thereof.

11. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

12. Defendant hired Carter-McCray as a Machine Operator on or about October 28, 2013.

13. Of Defendant's approximately 300 employees, Carter-McCray was the only female working in her department during her shift in or about 2014 to July 2015.

14. At all relevant times, Carter-McCray met or exceeded Defendant's legitimate performance expectations.

15. In or about March 2015, Carter-McCray reported sexual harassment by a co-worker, Anthony Turentine. Mr. Turentine had been sending inappropriate pictures and messages to Carter-McCray's personal phone.

16. That month, Carter-McCray was diagnosed with severe Plantar Fasciitis.

17. Carter-McCray requested that Defendant's insurance assist her in purchasing orthotics for her shoes to help with her pain. Her request was denied and she was told that she would be required to stand for the entire duration of her shift.

18. On July 21, 2015, Dean Senesac, Quality Manager, noticed Carter-McCray sitting with her shoes off, rubbing her foot. Carter-McCray explained her health condition to Senesac, who initially said he was not going to write it up.

19. Rick Purvis, Plant Manager, gave Carter-McCray two write-ups; one for sitting down and one for removing her shoes; both related to her disability.

20. Carter-McCray explained to Purvis that it was hard to stand up due to her Plantar Fasciitis and that she needed to sit occasionally. Purvis denied her request and sent her to Human Resources. Defendant suspended her for three days due to her disability.

21. Similarly situated employees have not been disciplined for sitting.

22. Carter-McCray also suffers from depression.

23. Carter-McCray requested intermittent FMLA leave in or about September 2015 for her depression. She went on approved leave for up to two days per week.

24. On or about November 14, 2015, Carter-McCray discovered that she had placed the wrong labels on pallets of produce. She self-reported the error to her Supervisor, Chris.

25. This type of error was commonplace in the facility and not normally cause for discipline.

26. Carter-McCray was called into a meeting with Purvis, Dough, Shift Manager, and Sean Smith, Union Representative. She was told that an investigation would be completed.

27. On or about November 19, 2015, Defendant terminated Carter-McCray's employment.

28. Similarly situated individuals, such as Walter Jordan, were not terminated for mislabeling products.

## V. CAUSES OF ACTION

### COUNT I: ADA- DISABILITY DISCRIMINATION

29. Carter-McCray hereby incorporates by reference paragraphs one (1) through twenty-eight (28) as if the same were set forth at length herein.

30. Defendant violated Carter-McCray's rights as protected by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* by subjecting her to disparate treatment because of her actual or perceived disability.

31. Defendant's actions were intentional, willful and in reckless disregard of Carter-McCray's rights as protected by the ADA.

32. Carter-McCray has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: ADA – FAILURE TO ACCOMODATE

33. Carter-McCray hereby incorporates by reference paragraphs one (1) through thirty-two (32) as if the same were set forth at length herein.

34. Defendant failed to provide Carter-McCray with an accommodation due to her disability.

35. Defendant willfully and intentionally discriminated against Carter-McCray on the basis of her disabilities in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

36. Carter-McCray has suffered damages as a result of Defendant's actions.

### COUNT III: GENDER DISCRIMINATION

37. Carter-McCray hereby incorporates paragraphs one (1) through thirty-six

(36) of her Complaint.

38. Defendant subjected Carter-McCray to less favorable terms and conditions of her employment due to her gender, including, but not limited to, the termination of her employment.

39. Defendant's actions were intentional, willful and in reckless disregard of Carter McCray's rights as protected by Title VII of the Civil Rights Act of 1964.

40. Carter-McCray suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: RETALIATION

41. Carter-McCray hereby incorporates paragraphs one (1) through forty (40) of her Complaint.

42. Carter-McCray engaged in a protected activity when she reported the sexual harassment.

43. Defendant retaliated against Carter-McCray for engaging in protected activity by terminating her employment.

44. Defendant's actions were intentional, willful and taken in reckless disregard of Carter-McCray's legal rights.

45. Defendant's actions violated Title VII of the Civil Rights Act of 1964.

46. Carter-McCray suffered damages as a result of Defendant's unlawful actions.

## COUNT V: VIOLATION OF THE FMLA – RETALIATION

47. Carter-McCray hereby incorporates paragraphs one (1) through forty-six (46) of her Complaint.

48. Defendant unlawfully retaliated against Carter-McCray for her use of leave that qualified for protection under FMLA.

49. Defendant's actions were intentional, willful and in reckless disregard of Carter-McCray's rights as protected by the FMLA.

50. Carter-McCray suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Florence Carter-McCray, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Carter-McCray to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; or award her front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA and Title VII;

5. Punitive damages for violations of the ADA and Title VII;

6. Liquidated damages for the Defendant's violations of the FMLA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
8888 Keystone Crossing, Ste. 1300
Indianapolis, Indiana  46240
Telephone:    (317)575-4120
Facsimile:    (812)424-1005
E-Mail:       ad@bdlegal.com

By: /s/ Mladenka Rodriguez
Mladenka Rodriguez Atty No. 34201-49
8888 Keystone Crossing, Ste. 1300
Indianapolis, Indiana  46240
Telephone:    (317)575-4120
Facsimile:    (812)424-1005
E-Mail:       mrodriguez@bdlegal.com

Attorneys for Plaintiff, Florence Carter-McCray

## DEMAND FOR JURY TRIAL

Plaintiff, Florence Carter-McCray, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49

8888 Keystone Crossing, Ste. 1300
Indianapolis, Indiana  46240
Telephone:	(317)575-4120
Facsimile:	(812)424-1005
E-Mail:	ad@bdlegal.com

By:  /s/ Mladenka Rodriguez
Mladenka Rodriguez Atty No. 34201-49
8888 Keystone Crossing, Ste. 1300
Indianapolis, Indiana  46240
Telephone:	(317)575-4120
Facsimile:	(812)424-1005
E-Mail:	mrodriguez@bdlegal.com

Attorneys for Plaintiff, Florence Carter-McCray